# IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER: CV-2022-05-1742

RUBBER CITY MACHINERY CORP.
1000 SWEITZER AVE
AKRON, OH, 44311

-VS-                                                                **SUMMONS**

STEVEN P. PERGL
1673 RABER RD
UNIONTOWN, OH 44685

**TO the following:**

ROCKHILL MACHINE, LLC
c/o Christopher Forgan
4847 Beach Road
Medina, OH 44256

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto. The name and address of the Plaintiff's attorney is:

JOHN D. SAYRE
STE 1400 REPUBLIC BLDG
25 W PROSPECT
CLEVELAND, OH 44115

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

May 31, 2022

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| RUBBER CITY MACHINERY CORP.<br>1000 Sweitzer Avenue<br>Akron, Ohio 44311 | )<br>)<br>)<br>) | CASE NO: |
| Plaintiff | )<br>) | JUDGE: |
| v. | )<br>)<br>) | |
| STEVEN PERGL<br>1673 Raber Road<br>Uniontown, Ohio 44685 | )<br>)<br>)<br>) | VERIFIED COMPLAINT FOR<br>PRELIMINARY AND PERMANENT<br>INJUNCTION AND MONETARY<br>DAMAGES |
| And | )<br>) | (Jury Demand Endorsed Hereon) |
| ROCKHILL MACHINE, LLC<br>c/o Christopher Forgan<br>4847 Beach Road<br>Medina, Ohio 44256 | )<br>)<br>)<br>)<br>) | |
| Defendants | ) | |

**PARTIES**

1. Rubber City Machinery Corp. ("Rubber City") is an Ohio corporation with its principal office at 1000 Sweitzer Avenue, Akron, Ohio, specializing in manufacturing and rebuilding polymer processing equipment.

2. From September 28, 1995, to April 8, 2022 Steven Pergl ("Pergl") was employed by Rubber City as an hourly shop employee who advanced to shop foreman.

3. Upon information and belief, Rubber City alleges that after April 8, 2022, Steven Pergl has been an employee of Rockhill Machine, LLC ("Rockhill").

4. Prior to April 8, 2022, Rockhill was engaged in the business of machine shop piecework for entities such as Rubber City.

5. Venue is proper in Summit County, Ohio.

**FACTS**

6. Rubber City has been in business for several decades and has a competitive advantage by having an established reputation and presence in the market.

7. As Shop Foreman, Pergl's duties involved extensive customer contact to schedule work, contact with suppliers, and managing employees.

8. As Shop Foreman, Pergl was privy to confidential trade secrets in the form of Rubber City customers' names and Rubber City financial information.

9. Upon information and belief, Rubber City alleges that commencing as early as 2020, Pergl embarked on a plan to sabotage Rubber City's business and redirect Rubber City's customers to himself, for the purpose of taking Rubber City's business to a new employer.

10. Upon information and belief, Rubber City alleges that as part of Pergl's plan, he contacted Rubber City customers and suppliers at various times prior to April 8, 2022, to tell them Rubber City would be going out of business.

11. As part of Pergl's plan, he purposely delayed scheduling work and kept employees from working on customer projects to create the appearance of Rubber City's inability to complete work.

12. As part of Pergl's plan, he purposely hid component parts to delay or otherwise frustrate Rubber City's ability to complete work for customers.

13. As part of Pergl's plan, he told Rubber City employees that Rubber City would be going out of business and that they should either find other employment or take disability.

14. Upon information and belief, Rubber City alleges that Rockhill conspired with Pergl to destroy Rubber City's business by providing Pergl with an allowance to offer Rubber City employees new positions with Rockhill.

15. On or about April 5, 2022, Pergl notified Rubber City that he was going to quit. and that he had arranged to take some key Rubber City employees and the work that was backlogged because of his intentional delays with him.

16. On April 5, 2022, Pergl asked Rubber City's management if they would sell the business to him, and if not, he would leave on April 8, 2022 and would take several key Rubber City employees and the work that had backlogged because of his intentional delays with him.

17. When Pergl left Rubber City's employment on April 8, 2022, several Rubber City employees followed him and became employed by Rockhill.

18. As part of Pergl's plan, he removed a Rubber City rolodex from the shop which contained customer and supplier contact information, making it difficult if not impossible for Rubber City to contact its customers and suppliers.

19. When Pergl left on April 8, 2022, he took a company cellphone that contained customer, supplier and employee information and correspondence, which he transferred to a different cellphone and deleted everything from the company cellphone before returning it.

3

20. After Pergl left Rubber City's employment on April 8, he sent a broadcast text to the contacts he had transferred to his new phone telling them to no longer use the company cellphone number but to use his newly acquired phone number.

21. The customer and supplier information Pergl obtained while employed by Rubber City constitutes a trade secret within the meaning of Ohio Revised Code §1333.61.

22. Upon information and belief, Rubber City alleges that Rockhill is now prepared to market for manufacturing and repairing polymer processing equipment to compete with Rubber City.

23. Upon information and belief Rockhill and Pergl will use the customer and supplier contact information Pergl obtained while employed at Rubber City, as well as the knowledge and skill the former Rubber City employees obtained while employed by Rubber City, to compete unfairly with Rubber City.

24. As a result of Pergl's enticement of employees away from Rubber City, Rubber City was forced to cancel a $405,000 contract.

## FIRST CAUSE OF ACTION
(Civil Conspiracy)

25. Rubber City incorporates paragraphs 1-24.

26. Pergl and Rockhill unlawfully and maliciously combined their efforts and conspired for the purpose of injuring Rubber City, resulting in actual damages to Rubber City.

27. Defendants' unlawful acts include tortious interference, misappropriation of trade secrets, unfair competition, and deceptive trade practices.

28. As a direct and proximate result of defendant's action, Rubber City has and will continue to sustain damages in an amount in excess of $25,000 to be proven at trial, including any profits realized by defendants.

## SECOND CAUSE OF ACTION
(Misappropriation of Trade Secrets 18 USC 1836)

29. Rubber City incorporates paragraphs 1 – 28.

30. The technical information regarding polymer processing equipment given to Pergl and the knowledge of the Rubber City employees he enticed away from Rubber City constitute trade secrets within the meaning of 18 USC 1836.

31. Defendants misappropriated Rubber City's trade secrets and confidential information, including pricing, plans, designs, prototypes, methods, techniques, processes, procedures, and client and supplier lists and information, and have used such information to Rubber City's detriment.

32. Defendants will use such information in interstate commerce to gain an unfair competitive advantage.

33. As a direct result of defendants' actions, Rubber City will lose its competitive position, goodwill, sales, and its time and energy to maintain its business.

34. Defendants' misappropriation of trade secrets allows for injunctive relief.

35. As a direct and proximate result of defendants' actions, Rubber City has sustained and will continue to sustain damages in an amount in excess of $25,000, to be proven at trial.

## THIRD CAUSE OF ACTION
(Misappropriation of Trade Secrets Revised Code §1333.61)

36. Rubber City incorporates paragraphs 1 -35.

5

37. The information obtained by defendants constitutes trade secrets under Ohio law.

38. The protected information was obtained by improper means with full knowledge that it was confidential.

39. Defendants have jointly and collectively used Rubber City's trade secrets for their own benefit in violation of the Ohio Trade Secrets Act, Revised Code §1333.61, et seq.

40. Defendants' continued use of confidential information warrants injunctive relief in the absence of which Rubber City will be irreparably harmed.

41. As a direct and proximate result of Defendants' violations, Rubber City has been damaged in an amount to be proven at trial in excess of $25,000.

### FOURTH CAUSE OF ACTION
(Unfair Competition Revised Code §4165.01)

42. Rubber city incorporates paragraphs 1 – 41.

43. Pergl and Rockhill have engaged in unfair commercial practices by circulating false rumors about Rubber City's closure, which is designed to harm Rubber City's business.

44. Pergl and Rockhill have used information to steer customers away from Rubber City.

45. Pergl's use of misinformation to attract employees away from Rubber City towards Rockhill was intended to harm Rubber City and to allow Rockhill to compete unfairly with Rubber City.

46. Pergl and Rockhill's actions have caused, and continue to cause, confusion and misunderstanding among Rubber City's customers of goods or services provided by both Rockhill and Rubber City.

47. As a direct and proximate result of Defendants' actions, Rubber City has been damaged in an amount in excess of $25,000 to be proven at trial.

### FIFTH CAUSE OF ACTION
(Tortious Interference)

48. Rubber City incorporates paragraphs 1- 47.

49. By enticing employees away from Rubber City, defendants have intentionally procured the termination of business relationships.

50. Defendants' actions were malicious, willful, reckless, in bad faith and unjustified.

51. Defendants tortiously interfered with Rubber City's business relationships.

52. As a direct and proximate result of defendants' tortious interference, Rubber City has been damaged in an amount in excess of $25,000 to be proven at trial.

WHEREFORE, Rubber City demands judgment against Steven Pergl and Rockhill Machine, LLC as follows:

    a. an award of damages in an amount in excess of $25,000, the exact amount to be proven at trial;

    b. an preliminary injunction enjoining them from using confidential and trade secret information to unfairly and illegally compete and interfere with Rubber City's business;

c.  a permanent injunction enjoining them from unfairly and illegally competing and interfering with Rubber City's business;

d.  disgorgement of all ill-gotten gains from their unlawful and wrongful acts;

e.  an order awarding punitive and exemplary damages as permitted by law;

f.  an award of costs and expenses, including reasonable attorney's fees incurred in connection with this action;

g.  an award of prejudgment interest; and

h.  such other relief deemed just and proper.

Respectfully submitted,

NICOLA, GUDBRANSON & COOPER, LLC

/s/ John D. Sayre
John D. Sayre (0015191)
24 West Prospect Avenue, Suite 1400
Ph: 216-621-7227
Fx: 216-621-3999
Email: sayre@nicola.com
Attorney for Plaintiff Rubber City Machinery Corp.

A TRIAL BY JURY IS HEREBY DEMANDED

/s/ John D. Sayre
John D. Sayre, Attorney for Plaintiff

STATE OF OHIO ) 
) ss:
COUNTY OF SUMMIT )

    Karen J. Sobieraj, the President of Rubber City Machinery Corp., verifies that she has read the foregoing Complaint for Preliminary and Permanent Injunction and Monetary Damages and that based on her personal knowledge the facts contained therein are true and correct.

*/s/ Karen J. Sobieraj*

SUBSCRIBED AND SWORN TO before me this 24th day of May, 2022.

*/s/ Elizabeth A. Kane*
Notary Public

ELIZABETH A. KANE
NOTARY PUBLIC, STATE OF OHIO
My commission expires 7/24/23

9