UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RUBBER CITY MACHINERY CORP., ) | CASE NO.: 5:22-cv-01167 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | |
| STEVEN PERGL, *et al.*, ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| Defendants. ) | (Resolving Doc. 21) |
| ) | |

This matter comes before the Court on Plaintiff Rubber City Machinery Corp.'s Motion to Dismiss Counts 2, 3, and 4 of its Complaint without prejudice. Defendants Steven Pergl ("Pergl") and Rockhill Machine, LLC ("Rockhill") filed Responses in Opposition.[1] Docs. 25 and 29. Plaintiff filed a Reply to both Defendants' Responses in Opposition. Docs. 26 and 31. For the reasons set forth below, Plaintiff's Motion is GRANTED.

I. **Law and Analysis**

Plaintiff seeks to voluntarily dismiss Counts 2 ("Misappropriation of Trade Secrets 18 USC 1836"), 3 ("Misappropriation of Trade Secrets Revised Code §1333.61"), and 4 ("Unfair Competition Revised Code §4165.01") of its Complaint pursuant to Fed. R. Civ. P. 41(a)(2).[2] Docs. 1-1 and 21. Because Counts 2 and 3 of Plaintiff's Complaint sought preliminary injunctive relief, on July 21, 2022, the Court scheduled a hearing on the request for preliminary injunction for September 6, 2022, and ordered that discovery be completed by August 31, 2022. Doc. 15. On

---

[1] Plaintiff argues in its Reply that Pergl's Response in Opposition was untimely as it was not filed within 14 days of the Motion to Dismiss. Doc. 31. The Court finds that Pergl's response was timely as the Motion sought to be dispositive of some claims and Pergl filed within 30 days as provided by Local Rule 7.1(d).

[2] This would leave Counts 1 ("Civil Conspiracy") and 5 ("Tortious Interference") remaining. Doc. 1-1.

August 23, 2022, Plaintiff filed this Motion. Doc. 21. On September 1, 2022, the Court cancelled the preliminary injunction hearing. Doc. 23.

The Sixth Circuit has held that a plaintiff's request for voluntary dismissal of some but not all claims is not permissible under Fed. R. Civ. P. 41. *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) (holding that Rule 41 "provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has been traditionally termed 'cause of action'"). Fed. R. Civ. P. 21, however, states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." As such, the Court will review Plaintiff's Motion to Dismiss as a Motion made under Rule 21, not Rule 41. *Id.*; *see Taylor*, 286 F.2d at 785; *see also First Energy Corp. v. Pircio*, Case No. 1:20-cv-1966, 2021 WL 4256150, at *1 (N.D. Ohio Feb. 16, 2021).

The Court will look now to whether dismissal, without prejudice, of Counts 2, 3, and 4 will prejudice either of the Defendants. *Pircio*, *supra* at *1 ("'dropping less than the entirety of an action . . . risks prejudice to the other parties.'") (quoting *United States ex. rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 465 (E.D. Ky. 2018)). Plaintiff moves to voluntarily dismiss Counts 2, 3, and 4 because it states that based on the discovery conducted so far, it no longer seeks to pursue injunctive relief, only monetary damages.[3] Doc. 21. Defendants both argue that they would be prejudiced if the three counts were now dismissed without prejudice because of the time and resources they have expended in defense of these claims, namely the expedited discovery and depositions engaged in pursuant to the Court's July 21st Order. Docs. 25 and 29.

---

[3] Only Counts 2 and 3 sought injunctive relief. Doc. 1-1.

Based on the docket and the parties' briefing, the parties have engaged in written discovery, and depositions have been taken of Pergl, the corporate representative for Rockhill, and the corporate representatives for Plaintiff. While discovery and depositions in this matter were expedited due to the requested injunctive relief that Plaintiff now seeks to dismiss, this time was not wasted as this discovery is still relevant to the two remaining claims in the Complaint. Defendants can still use the information gathered to seek disposal of Plaintiff's claims or any other requested relief. The Court finds that neither Defendant will be prejudiced if Counts 2, 3, and 4 are dismissed without prejudice.

In his response, Pergl requests that Plaintiff's Motion to Dismiss be denied, or, if granted, the claims should be dismissed with prejudice or Plaintiff be ordered to pay its attorneys' fees and costs for defending against Counts 2, 3, and 4. Doc. 29. In its response, Rockhill requests that all claims against it be dismissed with prejudice and for an award of attorneys' fees and costs. Doc. 25. Both Defendants argue that discovery has shown that Plaintiff's claims, including those giving rise to the expedited discovery schedule, are meritless. Docs. 25 and 29. Any request to dismiss the claims on the merits or seeking an award of attorneys' fees is not properly before the Court at this time and would be better suited for summary judgment.[4]

For the reasons stated above, Plaintiff's Motion to Dismiss Counts 2, 3, and 4 of the Complaint is GRANTED. Counts 2, 3, and 4 are dismissed WITHOUT PREJUDICE. The Court intends to retain jurisdiction over the remaining claims.

Date: December 8, 2022               /s/ John R. Adams
                                     JOHN R. ADAMS
                                     UNITED STATES DISTRICT JUDGE

---

[4] To the extent Defendants argue that Plaintiff's remaining claims are meritless, those arguments are still able to be made to the Court at summary judgment.