UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RUBBER CITY MACHINERY CORP., | ) | CASE NO.: 5:22-cv-01167 |
| Plaintiff, | ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| STEVEN PERGL, *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) ) | (Resolving Docs. 64 and 65) |

This matter comes before the Court on Defendants' Motions for Judgment on the Pleadings. Docs. 64 and 65. Plaintiff filed responses in opposition. Docs. 66 and 67. For the reasons set forth below, the Court GRANTS Defendants' Motions.

I.  STATEMENT OF FACTS

The Amended Complaint alleges the following facts: Defendant Steven Pergl was employed with Plaintiff from September 28, 1995 to April 8, 2022 as the shop foreman. Doc. 51, ¶ 2. Plaintiff is a machine shop "specializing in the manufacture or refurbishment of machines used in the rubber industry." Doc. 51, ¶ 8. Defendant Christopher Forgan is the owner of Defendant Rockhill Machine, LLC ("Rockhill"), which he formed after purchasing the assets from Rockhill Machinery, Inc. in December 2021. Doc. 51, ¶¶ 9, 10. Rockhill specialized in "machine shop piece-work" for other entities, including Plaintiff. Doc. 51, ¶ 4.

Plaintiff alleges that in 2022, Pergl started to spread rumors to Plaintiff's employees, customers, and vendors that Plaintiff was going out of business and delayed work on contracts. Doc. 51, ¶¶ 13-15. Pergl began to give more of Plaintiff's outsourced work, which Plaintiff did not have the necessary machinery to complete, to Rockhill, rather than Plaintiff's previously used

1

vendors. Doc. 51, ¶¶ 16-17. Plaintiff alleges that on or around April 5, 2022, Pergl told Plaintiff's owners that if they did not sell him the business, he would quit and take several of Plaintiff's employees and customers. Doc. 51, ¶ 20. Plaintiff alleges that Pergl had been discussing this with Forgan and that Pergl subsequently received an allowance from Rockhill to offer Plaintiff's employees to move to Rockhill. Doc. 51, ¶¶ 18-19. Plaintiff alleges that after declining to sell to Pergl, on April 8, 2022, Pergl quit, along with five other employees, and became employed with Rockhill, while telling the remaining employees that Plaintiff was closing the following week. Doc. 51, ¶¶ 22-23. Plaintiff alleges that because of Pergl and the other employees leaving, it was not able to complete contracts and had to outsource work. Doc. 51, ¶ 25.

This case was originally filed in the Summit County Court of Common Pleas on May 26, 2022 and was removed to this Court on July 1, 2022. Doc. 1. Plaintiff's original Complaint included a request for a preliminary injunction, and the Court set an expedited discovery scheduled ahead of the September 9, 2022 hearing. On August 23, 2022, Plaintiff filed a Motion to Dismiss three of the five counts in the Complaint, including those that requested the preliminary injunction. Doc. 21. On December 9, 2022, the Court granted Plaintiff's Motion. Doc. 33. On February 10, 2023, Plaintiff moved to amend the Complaint and add a new party, Forgan. Doc. 40. The Court granted leave (Doc. 50) and, on March 9, 2023, Plaintiff filed the Amended Complaint. Doc. 51. On April 27, 2023, the Court held a status conference, during which the Court granted Defendants leave to file Motions for Judgment on the Pleadings. Doc. 63. On May 12, 2023, Defendants filed said Motions. Docs. 64 and 65.

## II.    LAW AND ANALYSIS

The standard for reviewing a judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as the standard for reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Sixth

Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly,* 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the complaint must contain (either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

3

A. **Plaintiff's First Cause of Action**

The Court notes at the outset that Plaintiff fails to identify the causes of action alleged in the Amended Complaint. Instead, Plaintiff merely states "First Cause of Action" and so on. Therefore, if the Court does not address a specific claim that Plaintiff intended to raise, it is solely due to Plaintiff's pleading failures.

Plaintiff's first cause of action appears to be a breach of the duty of loyalty and good faith against only Pergl. Plaintiff alleges that "Pergl's efforts to bring about Rubber City's closure for his own benefit and gain while employed by Rubber City breached his duty of loyalty and good faith to Rubber City." Doc. 51, ¶ 28. Ohio law recognizes "that an employee owes his employer [a] duty to act in the utmost good faith and loyalty." *Staffilino Chevrolet, Inc. v. Balk*, 158 Ohio App.3d 1, 14 (7th Dist. June 23, 2004). This duty is breached when the employee is competing with his present employer. *Id*. at 15; *see also Deffren v. Johnson*, 169 N.E.3d 270, 278 (1st Dist. Mar. 17, 2021); *Cary Corp. v. Linder*, No. 80589, 2002 WL 31667316 at *6 (8th Dist. Nov. 7, 2002).

Plaintiff's Amended Complaint has failed to allege any facts that show Pergl was competing with Plaintiff while he was still employed there. Plaintiff's allegations center on Pergl's discussions and plans with Rockhill and Forgan while he was still employed with Plaintiff. However, Plaintiff does not allege that Rockhill was or is a competitor. In fact, the Amended Complaint acknowledges that Rockhill was a vendor that completed "piece-work" that Plaintiff could not complete because it did not have the necessary machinery. Doc. 51, ¶¶ 4, 16, 17.

The only allegation that potentially lends itself to an inference of competition is that Pergl told Plaintiff's owners that "he would be able to take the work with him that

4

Rubber City could not complete." Doc. 51, ¶ 21. However, "preparing to compete is not equivalent to competing." *Cary Corp.*, *supra* at *6 (internal quotations omitted). Further, there is no allegation that Pergl did in fact take any of Plaintiff's business with him to Rockhill.

Therefore, Plaintiff cannot maintain a claim for breach of the duty of loyalty and good faith. The first cause of action is dismissed.

**B. Plaintiff's Second Cause of Action**

Plaintiff's second cause of action appears to allege both civil conspiracy and tortious interference with business relationships against Pergl, Rockhill, and Forgan. Doc. 51, ¶¶ 30-33. Plaintiff alleges that Defendants "unlawfully and maliciously combined their efforts and conspired for the purpose of injuring Rubber City" for the benefit of Defendants. Doc. 51, ¶ 31. Then it alleges that Defendants' "unlawful acts tortiously interfered with Rubber City's business relationships." Doc. 51, ¶¶ 32. As both of Plaintiffs' Responses in Opposition (Docs. 66 and 67) argue tortious interference with business relationships and not civil conspiracy, the Court will review the second cause of action as tortious interference. Further, a claim for civil conspiracy is "not actionable without the underlying tort being pleaded as a separate claim." *Gentox Medical Services v. Abdelwahab*, Case No. 1:21-cv-1516, 2021 WL 6113546, *4 (N.D. Ohio Dec. 7, 2021).

"Under Ohio law, the elements of a tortious interference with a business relationship claim require (1) a business relationship; (2) the wrongdoer's knowledge of the relationship; (3) the wrongdoer's intentional and improper action taken to prevent a contract formation, procure a contractual breach, or terminate a business relationship; (4) lack of privilege; and (5) resulting damages." *Barrio Bros., LLC v. Revolucion, LLC*, Case

5

No. 2020 WL 3547014, at *7 (N.D. Ohio Jun. 30, 2020). The main distinction between a claim for tortious interference with business relationships and one for tortious interference with a contract is "that interference with a business relationship includes intentional interference with prospective contractual relations, not yet reduced to a contract." *BCG Masonic Cleveland, LLC v. Live Nation Entertainment, Inc.*, 570 F.Supp.3d 552, 557-558 (N.D. Ohio Nov. 5, 2021).

The Court will note that Plaintiff's inartful pleading in the Amended Complaint causes the Court to have to guess which alleged facts are in support of each element of the tortious interference claim. Based on the summation of the Amended Complaint, the Court will infer that the alleged business relationship at issue is that between Plaintiff and the other employees who left and went to Rockhill. The Amended Complaint does not allege whether the employees who left were subject to an employment contract or were at-will. However, both Rockhill and Forgan allege in Answers that these employees were at-will.[1] Doc. 56, p. 6; Doc. 60, p. 7. *Myers v. Boardman Local School District Board of Education*, Case No. 2022 WL 2666746, at *2 (N.D. Ohio July 11, 2022) (stating that when ruling on a motion for judgment on the pleadings, "the court considers all available pleadings, including the complaint and the answer").

With at-will employment, the employer is permitted to terminate the employee for any reason, but the employee may also leave the employment for any reason. *Mitchell v. Mid-Ohio Emergency Services, LLC*, No. 2004 WL 2803419, 2004-Ohio-5264, ¶ 15 (10th Dist. Sept. 30, 2004). Plaintiff relies on *Gracetech Inc. v. Perez* to support its argument that an at-will employment relationship is a business relationship for purposes of tortious

---

[1] Plaintiff concedes in its Responses in Opposition that they were at-will employees. Doc. 66, p. 4 fn 1; Doc. 67, p. 4, fn 1.

interference. Doc. 66, p. 6; Doc. 67, p. 4; *Gracetech Inc. v. Perez*, No. 96913, 2012 WL 589473, 2012-Ohio-700 (8th Dist. Feb. 23, 2012). However, the Court finds *Gracetech* inapplicable here. The employees in *Gracetech* were at-will, but they were subject to non-compete agreements. *Id*. at ¶ 24. Plaintiff has made no allegation here that Pergl or the other employees were subject to a non-compete agreement.

Further, assuming arguendo that there is a business relationship between Plaintiff and the employees who left, as to Rockhill and Forgan, Plaintiff has failed to allege how any alleged interference was improper. Plaintiff alleges that "[u]pon information and belief, Rockhill provided Pergl with an allowance to offer Rubber City employees new positions with Rockhill if they left Rubber City." Doc. 51, ¶ 19. First, Plaintiff does not allege how Forgan, as owner of Rockhill, would be personally liable. Second, Plaintiff fails to allege that any interference from Rockhill or Forgan was improper. By all appearances, Pergl did not agree with the manner in which Plaintiff's business was run. Even accepting as true the allegations in the complaint, Pergl essentially left and encouraged other employees to leave with him. As Pergl and those employees were at-will without any non-compete agreements, those actions cannot properly be labeled as tortious. As such, Plaintiff cannot maintain a claim for tortious interference with business relationships against Rockhill or Forgan.

Moreover, Plaintiff fails to allege that Pergl did in fact offer this allowance to the employees or that the employees chose to leave because of this. The Amended Complaint does not speak to any other interaction or discussion between Pergl and these other employees aside from the ultimate result that these employees left and went to Rockhill. Doc. 51, ¶ 23. The Court concludes that the presentation of a different employment

7

opportunity to at-will employees who are not bound by a non-compete agreement is insufficient to state a claim for tortious interference with a business relationship. Such an occurrence is commonplace.

The second cause of action is dismissed as to all Defendants.

### C. Plaintiff's Third Cause of Action

As with the two previous causes of action, Plaintiff also fails to label or name its third cause of action. Here, Plaintiff alleges that by "enticing employees away" from Plaintiff, Defendants acted "maliciously, willfully, recklessly, and in bad faith, without justification" and as a result Plaintiff has been damaged and is "entitled to punitive damages and attorney fees." Doc. 51, ¶¶ 34-37. In its responses Plaintiff does not refute that this cause of action is for punitive damages only. As such, this cause of action must be dismissed as Ohio law does not allow stand-alone claims for punitive damages. *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 650 (1994); *see also Brown v. Whirlpool Corp.*, 996 F.Supp.2d 623, 647 (N.D. Ohio 2014) (dismissing stand-alone claim for punitive damages as prohibited by Ohio law).

### III. CONCLUSION

For the reasons stated above, Defendant Steven Pergl's Motion for Judgment on the Pleadings and Defendants Rockhill Machine, LLC and Christopher Forgan's Motion for Judgment on the Pleadings is GRANTED.

IT IS SO ORDERED.


Date: December 7, 2023 　　　　　　　　　　　　　　　　/s/ *John R. Adams*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE